DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Toledo Municipal Court. Appellant, Robert L. Buchanan, was found guilty of permitting a nuisance to remain on his property in violation of Toledo Municipal Code Section 1725.01, a misdemeanor of the fourth degree. The trial court imposed a sentence of 30 days imprisonment and a $250 fine, but stayed the execution of the period of incarceration during the pendency of this appeal.
 {¶ 2} The only facts necessary to a disposition of this cause are as follows. In 1989, appellant purchased a residence located at 107 West Bancroft Street in Toledo, Lucas County, Ohio, and used it as rental property. In 2000, a two and one-half year old child living in the Bancroft Street home became ill. Medical testing showed an elevated level of lead in the child's blood. Consequently, the Toledo-Lucas County Health Department was notified. The health department sent an inspector to examine the property in order to ascertain whether lead based paint was used inside and/or outside the house and, if so, to test for lead levels. The inspector tested the painted surfaces and the dust in various rooms in the house and found numerous samples that exceeded lawful limits for lead.
 {¶ 3} The Toledo-Lucas County Health Department therefore notified appellant that a lead based paint hazard, as prohibited by local, state and federal law, existed on his property. Appellant was ordered to abate the condition through specified methods within 90 days of the notice. He failed to comply with that order.
 {¶ 4} As a result, the city of Toledo filed a complaint charging appellant with a violation of Toledo Municipal Code Section 1725.01, which provides: "No person shall cause or permit any nuisance to be or remain in or upon any building, premises or other place, of which such person is the owner * * *." The nuisance named in the complaint is a "lead based paint hazard." This hazard exists when an interior or exterior surface is coated with lead based paint and is readily accessible to and chewable by a child under six years of age. Toledo Municipal Code Section 1759.02(a)(1). Both of these code sections were enacted in 1952.
 {¶ 5} Appellant chose to represent himself in the proceedings below. He filed a motion to dismiss the charge against him, asserting that Toledo Municipal Code Section 1725.01 is ex post facto law in violation of Sections 9 and 10, Article I, United States Constitution and Section 28, Article II, Ohio Constitution. The thrust of his arguments was (1) the residence at 107 Street was built in 1907; (2) the use of lead based paint was not made criminal by federal law until 1978; (3) consequently, the use of lead based paint prior to 1978 could not be made criminal.
 {¶ 6} The trial court denied the motion to dismiss. The court held that Toledo Municipal Code Section 1725.01 was enacted in 1952 and that appellant did not purchase the property at 107 Bancroft Street until 1989; therefore, there was no retroactive application of the ordinance.
 {¶ 7} The case then proceeded to a jury trial; appellant was found guilty and sentenced. This appeal followed. Appellant asks this court to consider the following assignments of error:
 {¶ 8} "1. The trial court erred in denying defendant's motion to dismiss in that Toledo Municipal Code Sections 1725.01 and 1759.02 are unconstitutional in that they violate Article II, Section 28 of the Ohio Constitution.
 {¶ 9} "2. The trial court erred in denying defendant's motion to dismiss in that Toledo Municipal Code Sections 1725.01 and 1759.02 are unconstitutional in that they constitute an arbitrary and unreasonable exercise of police power conferred upon the state by Article XVIII, Section III of the Ohio Constitution."
 {¶ 10} Appellant's first assignment of error contends that Toledo Municipal Code Sections 1725.01 and 1725.02 are unconstitutional because they make an act that was perfectly legal prior to their enactment a criminal act. In short, appellant asserts they are retroactive statutes and therefore violate Section 28, Article II, Ohio Constitution. This constitutional provision prohibits the passage of laws that affect substantive rights, that is, laws that impair vested rights, affect an accrued substantive right, or impose new or additional burdens, duties, obligations, or liabilities as to a past transaction. See State v. Cook
(2000), 83 Ohio St.3d 404, 410-411.
 {¶ 11} As applied here, we must agree with the trial court in concluding that Section 28, Article II, Ohio Constitution has no application to this cause. The ordinances in question were enacted in 1952, approximately 37 years before appellant purchased the property at 107 Bancroft Street. Toledo Municipal Ordinance Section 1725.01 clearly states that no person shall permit any nuisance to remain upon any building or premises of which such person is the owner. The nuisance in this cause happened to be "lead based paint" as defined in Toledo Municipal Ordinance Section 1759.02(a)(2). Thus, the act prohibited by the 1952 ordinances is the ownership of property upon which the owner allows lead-based paint to remain.
 {¶ 12} Here, appellant admittedly did not own the property until 1989. Therefore, at the time of the passage of the 1952 ordinances appellant had no vested right to maintain a lead paint hazard at 107 Bancroft Street and had no accrued substantive right to allow that hazard to remain. Furthermore, the 1952 ordinances, as applied to appellant, imposed only new or additional burdens, duties, obligations, or liabilities to a future transaction, i.e., ownership of the property as of 1989, rather than a past transaction. For this reason, appellant's first assignment of error is found not well-taken.
 {¶ 13} In his second assignment of error, appellant claims that Toledo Municipal Code Sections 1725.01 and 1725.02 are unconstitutional because they constitute an arbitrary and unreasonable exercise of the police power conferred upon the state by Section 3, Article XVIII, Ohio Constitution. Appellant never raised this issue in the trial court. InState v. Awan (1986), 22 Ohio St.3d 120, syllabus, the Ohio Supreme Court held that when a defendant fails to raise a particular constitutional argument at the trial court level, he waives his right to assert it for the first time on appeal. Accordingly, we find that appellant waived review of the constitutional issue raised in his second assignment of error by failing to raise it at the trial court level. Therefore, his second assignment of error is found not well-taken.
 {¶ 14} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal.
 JUDGMENT AFFIRMED.
Knepper and Pietrykowski, JJ., concur.